RECEIVED CLERK
DISTRICT COURT

07 OCT 3  PM 8: 28

EASTERN-MARSHALL

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

F I L E D
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

OCT 31 2007

DAVID J. MALAND, CLERK

BY
DEPUTY

| | |
|---|---|
| WI-LAN INC., <br><br> Plaintiff, <br><br> v. <br><br> WESTELL TECHNOLOGIES, INC., NETGEAR, INC., 2WIRE, INC., D-LINK SYSTEMS, INC., D-LINK CORPORATION, BELKIN INTERNATIONAL, INC., BUFFALO TECHNOLOGY (USA), INC., MELCO HOLDINGS INC., BROADCOM CORPORATION, ATHEROS COMMUNICATIONS, INC, MARVELL SEMICONDUCTOR, INC., TEXAS INSTRUMENTS, INCORPORATED, INFINEON TECHNOLOGIES NORTH AMERICA CORPORATION, INFINEON TECHNOLOGIES AG, INTEL CORPORATION, BEST BUY CO., INC., and CIRCUIT CITY STORES, INC. <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § <br><br> Civil Action No. _____ <br><br><br> 2 - 0 7 C V - 4 7 4 DF <br><br><br> JURY TRIAL REQUESTED |

## ORIGINAL COMPLAINT

Plaintiff Wi-LAN Inc. ("Wi-LAN") files this Original Complaint for patent infringement against Defendants Westell Technologies, Inc. ("Westell"), NETGEAR, Inc. ("NETGEAR"), 2Wire, Inc. ("2Wire"), D-Link Systems, Inc. and D-Link Corporation ("D-Link"), Belkin International, Inc. ("Belkin"), Buffalo Technology (USA), Inc. and Melco Holdings Inc. ("Buffalo") (collectively the "Defendant Suppliers"), Broadcom Corporation ("Broadcom"), Atheros Communications, Inc. ("Atheros"), Marvell Semiconductor, Inc. ("Marvell"), Texas Instruments, Incorporated ("Texas Instruments"), Infineon Technologies North America Corporation and Infineon

Technologies AG ("Infineon"), Intel Corporation ("Intel"), Best Buy Co., Inc. ("Best Buy"), and Circuit City Stores, Inc. ("Circuit City") for infringement of U.S. Patent No. 5,282,222 (the "'222 Patent"), U.S. Patent No. RE37,802 (the "'802 Patent"), and U.S. Patent No. 5,956,323 (the "'323 Patent) (collectively, the "Patents-in-Suit") pursuant to 35 U.S.C. § 271. Copies of the Patents-in-Suit are attached as Exhibits A, B, and C.

## PARTIES

1.      Plaintiff Wi-LAN Inc. is a corporation existing under the laws of Canada with its principal place of business at 11 Holland Ave., Suite 608, Ottawa, Ontario, Canada.

2.      Upon information and belief, Defendant Westell is a Delaware Corporation with its principal place of business at 750 N. Commons Dr., Aurora, IL 60504. Westell manufactures for sale and/or sells wireless products compliant with the IEEE 802.11 standards and Asymmetric Digital Subscriber Line ("ADSL") products compliant with the ITU G.992 standards in the United States and, more particularly, in the Eastern District of Texas. Westell may be served with process by serving its registered agent, Melvin J. Simon at 4343 Commerce Court, Suite 616, Lisle, Illinois 60532.

3.      Upon information and belief, Defendant NETGEAR is a Delaware Corporation with its principal place of business at 4500 Great American Pkwy., Santa Clara, CA  95054. NETGEAR manufactures for sale and/or sells wireless products compliant with the IEEE 802.11 standards and ADSL products compliant with the ITU G.992 standards in the United States and, more particularly, in the Eastern District of

2

Texas. NETGEAR may be served with process by serving its registered agent, CT Corporation System at 818 West Seventh Street, Los Angeles, California 90017.

4.    Upon information and belief, Defendant 2Wire is a Delaware Corporation with its principal place of business at 1704 Automation Pkwy., San Jose, CA 95131. 2Wire manufactures for sale and/or sells wireless products compliant with the IEEE 802.11 standards and ADSL products compliant with the ITU G.992 standards in the United States and, more particularly, in the Eastern District of Texas. 2Wire may be served with process by serving its registered agent, National Registered Agents, Inc. at 16055 Space Center, Suite 235, Houston, Texas 77062.

5.    Upon information and belief, Defendant D-Link Systems, Inc. is a California Corporation with its principal place of business at 17595 Mt. Hermann St., Fountain Valley, CA 92708. Upon information and belief, Defendant D-Link Corporation is a Taiwanese Corporation with its principal place of business at 4F, No. 289, Sinhu 3rd Rd., Neihu District, Taipei City, Taiwan. D-Link manufactures for sale and/or sells wireless products compliant with the IEEE 802.11 standards and ADSL products compliant with the ITU G.992 standards in the United States and, more particularly, in the Eastern District of Texas. Upon information and belief, Defendants D-Link Systems, Inc. and D-Link Corporation are commonly owned by the same corporate entity and are alter egos and/or agents of one another. D-Link may be served with process by serving its registered agent, Nancy Lemm at 17595 Mt. Hermann Street, Fountain Valley, California 92708.

6.    Upon information and belief, Defendant Belkin (formerly Belkin Corporation) is a Delaware Corporation with its principal place of business at 501 W.

3

Walnut St., Compton, CA 90220. Belkin manufactures for sale and/or sells wireless products compliant with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas. Belkin may be served with process by serving its registered agent, National Registered Agents, Inc. at 2030 Main Street, Suite 1030, Irvine, California 92614.

7.     Upon information and belief, Defendant Buffalo Technology (USA), Inc. is a Delaware Corporation with its principal place of business at 11100 Metric Blvd., Suite 750, Austin, TX 78758. Upon information and belief, Defendant Melco Holdings Inc. is a Japanese Corporation with its principal place of business at Kamiya Bldg., 11-50, Ohsu 4-chome, Naka-ku, Nagoya, Aichi Prefecture, Japan. Buffalo manufactures for sale and/or sells wireless products compliant with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas. Upon information and belief, Defendants Buffalo Technology (USA), Inc. and Melco Holdings Inc. are commonly owned by the same corporate entity and are alter egos and/or agents of one another. Buffalo may be served with process by serving its registered agent, Makoto Maki at 4030 W. Braker Lane, Suite 120, Austin, Texas 78759.

8.     Upon information and belief, Defendant Broadcom is a California Corporation with its principal place of business at 5300 California Ave., Irvine, CA 92617. Broadcom manufactures for sale and/or sells integrated circuits and/or circuit boards used and/or designed for use in one or more of the Defendant Suppliers' wireless products compliant with the IEEE 802.11 standards and the Defendant Suppliers' ADSL products compliant with the ITU G.992 standards in the United States and, more particularly, in the Eastern District of Texas. Broadcom may be served with process by

4

serving its registered agent, National Registered Agents, Inc. at 2030 Main Street, Suite 1030, Irvine, California 92614

9.     Upon information and belief, Defendant Atheros is a Delaware Corporation with its principal place of business at 5480 Great America Pkwy., Santa Clara, CA 95054. Atheros manufactures for sale and/or sells integrated circuits and/or circuit boards used and/or designed for use in one or more of the Defendant Suppliers' wireless products compliant with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas. Atheros may be served with process by serving its registered agent, LexisNexis Document Solutions, Inc. at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

10.     Upon information and belief, Defendant Marvell Semiconductor, Inc. is a California Corporation with its principal place of business at 5488 Marvell Ln., Santa Clara, CA 95054-3606. Marvell manufactures for sale and/or sells integrated circuits and/or circuit boards used and/or designed for use in one or more of the Defendant Suppliers' wireless products compliant with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas. Marvell may be served with process by serving its registered agent, CT Corporation System, at 818 West Seventh Street, Los Angeles, California 90017.

11.     Upon information and belief, Defendant Texas Instruments is a Delaware Corporation with its principal place of business at 12500 TI Blvd., Dallas, TX 75266-4136. Texas Instruments manufactures for sale and/or sells integrated circuits and/or circuit boards used and/or designed for use in one or more of the Defendant Suppliers' wireless products compliant with the IEEE 802.11 standards and the Defendant

Suppliers' ADSL products compliant with the ITU G.992 standards in the United States and, more particularly, in the Eastern District of Texas. Texas Instruments may be served with process by serving its registered agent, Joseph F. Huback at 7839 Churchill Way, MS3999, Dallas, Texas 75251.

12.   Upon information and belief, Defendant Infineon Technologies North America Corporation is a Delaware Corporation with its principal place of business at 3000 Centregreen Way, Cary, NC 27513-5759. Upon information and belief, Defendant Infineon Technologies AG is a German Corporation with its principal place of business at Am Campeon 1-12, Neubiberg 85579 Germany. Infineon manufactures for sale and/or sells integrated circuits and/or circuit boards used and/or designed for use in one or more of the Defendant Suppliers' wireless products compliant with the IEEE 802.11 standards and the Defendant Suppliers' ADSL products compliant with the ITU G.992 standards in the United States and, more particularly, in the Eastern District of Texas. Upon information and belief, Defendants Infineon Technologies North America Corporation and Infineon Technologies AG are commonly owned by the same corporate entity and are alter egos and/or agents of one another. Infineon may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

13.   Upon information and belief, Defendant Intel is a Delaware Corporation with its principal place of business at 2200 Mission College Blvd., Santa Clara, CA 95054-1549. Intel manufactures for sale and/or sells integrated circuits and/or circuit boards used and/or designed for use in one or more of the Defendant Suppliers' wireless products compliant with the IEEE 802.11 standards in the United States and, more

particularly, in the Eastern District of Texas. Intel may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

14.     Upon information and belief, Defendant Best Buy is a Minnesota Corporation with its principal place of business at 7601 Penn Ave. S., Richfield, MN 55423. Best Buy offers for sale and/or sells one or more of the Defendant Suppliers' wireless products compliant with the IEEE 802.11 standards and the Defendant Suppliers' ADSL products compliant with the ITU G.992 standards in the United States and, more particularly, in the Eastern District of Texas. Best Buy may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

15.     Upon information and belief, Defendant Circuit City is a Virginia Corporation with its principal place of business at 9950 Mayland Dr., Richmond, VA 23233. Circuit City offers for sale and/or sells one or more of the Defendant Suppliers' wireless products compliant with the IEEE 802.11 standards in the United States and, more particularly, in the Eastern District of Texas. Circuit City may be served with process by serving its registered agent, Prentice Hall Corporation System, Inc. at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

## JURISDICTION AND VENUE

16.     This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 271.

17. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18. This Court has personal jurisdiction over each Defendant. Each Defendant has conducted and does conduct business within the State of Texas. Each Defendant, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, imports and advertises (including the provision of an interactive web page) its products in the United States, the State of Texas, and the Eastern District of Texas. Each Defendant has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas. These infringing products have been and continue to be purchased by consumers in the Eastern District of Texas. Each Defendant has committed the tort of patent infringement within the State of Texas, and particularly, within the Eastern District of Texas.

19. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I: PATENT INFRINGEMENT

20. On January 25, 1994, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '222 Patent, entitled "Method and Apparatus for Multiple Access Between Transceivers in Wireless Communications Using OFDM Spread Spectrum" after a full and fair examination. Wi-LAN is the assignee of all rights, title, and interest in and to the '222 Patent and possesses all rights of recovery under the '222 Patent, including the right to recover damages for past infringement.

21.   On July 23, 2002, the USPTO duly and legally issued the '802 Patent, entitled "Multicode Direct Sequence Spread Spectrum" after a full and fair examination. Wi-LAN is the assignee of all rights, title, and interest in and to the '802 Patent and possesses all rights of recovery under the '802 Patent, including the right to recover damages for past infringement.

22.   On September 21, 1999, the USPTO duly and legally issued the '323 Patent, entitled "Power Conservation for POTS and Modulated Data Transmission" after a full and fair examination. Wi-LAN is the assignee of all rights, title, and interest in and to the '323 Patent and possesses all rights of recovery under the '323 Patent, including the right to recover damages for past infringement.

23.   Each of the Patents-in-Suit is valid and enforceable.

24.   Upon information and belief, Westell has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling wireless products compliant with the IEEE 802.11 standards and ADSL products compliant with the ITU G.992 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

25.   Upon information and belief, NETGEAR has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling wireless products compliant with the IEEE 802.11 standards and ADSL products compliant with the ITU G.992 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

26.     Upon information and belief, 2Wire has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling wireless products compliant with the IEEE 802.11 standards and ADSL products compliant with the ITU G.992 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

27.     Upon information and belief, D-Link has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling wireless products compliant with the IEEE 802.11 standards and ADSL products compliant with the ITU G.992 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

28.     Upon information and belief, Belkin has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '222 Patent and '802 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling wireless products compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the '222 Patent and '802 Patent.

29.     Upon information and belief, Buffalo has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '222 Patent and '802 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling wireless

products compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the '222 Patent and '802 Patent.

30. Upon information and belief, Broadcom has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling integrated circuits and/or circuit boards used and/or designed for use in one or more of the Defendant Suppliers' wireless products compliant with the IEEE 802.11 standards and the Defendant Suppliers' ADSL products compliant with the ITU G.992 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

31. Upon information and belief, Atheros has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '222 Patent and '802 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling integrated circuits and/or circuit boards used and/or designed for use in one or more of the Defendant Suppliers' wireless products compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the '222 Patent and '802 Patent.

32. Upon information and belief, Marvell has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '222 Patent and '802 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling integrated circuits and/or circuit boards used and/or designed for use in one or more of the

Defendant Suppliers' wireless products compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the '222 Patent and '802 Patent.

33. Upon information and belief, Texas Instruments has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling integrated circuits and/or circuit boards used and/or designed for use in one or more of the Defendant Suppliers' wireless products compliant with the IEEE 802.11 standards and the Defendant Suppliers' ADSL products compliant with the ITU G.992 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

34. Upon information and belief, Infineon has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling integrated circuits and/or circuit boards used and/or designed for use in one or more of the Defendant Suppliers' wireless products compliant with the IEEE 802.11 standards and the Defendant Suppliers' ADSL products compliant with the ITU G.992 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

35. Upon information and belief, Intel has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '222 Patent and '802 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling integrated circuits and/or circuit boards used and/or designed for use in one or more of the Defendant

12

Suppliers' wireless products compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the '222 Patent and '802 Patent.

36.     Upon information and belief, Best Buy has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling one or more of the Defendant Suppliers' wireless products compliant with the IEEE 802.11 standards and the Defendant Suppliers' ADSL products compliant with the ITU G.992 standards that fall within the scope of at least one claim of each of the Patents-in-Suit.

37.     Upon information and belief, Circuit City has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '222 Patent and '802 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling one or more of the Defendant Suppliers' wireless products compliant with the IEEE 802.11 standards that fall within the scope of at least one claim of each of the '222 Patent and '802 Patent.

38.     Wi-LAN has no adequate remedy at law against Defendants' acts of infringement and, unless Defendants are enjoined from their infringement of the Patents-in-Suit, Wi-LAN will suffer irreparable harm.

39.     Many of the Defendants have had knowledge of the Patents-in-Suit and have not ceased their infringing activities.  These Defendants' infringement of the Patents-in-Suit has been and continues to be willful and deliberate.  All the Defendants have knowledge of the Patents-in-Suit by way of this complaint and to the extent they do

not cease their infringing activities their infringement is and continues to be willful and deliberate.

40.   Wi-LAN is in compliance with the requirements of 35 U.S.C. § 287.

41.   Defendants, by way of their infringing activities, have caused and continue to cause Wi-LAN to suffer damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Wi-LAN prays for the following relief:

A.   A judgment in favor of Wi-LAN that Defendants have infringed, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit;

B.   A permanent injunction, enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the Patents-in-Suit;

C.   Award to Wi-LAN the damages to which it is entitled under 35 U.S.C. § 284 for Defendants' past infringement and any continuing or future infringement up until the date Defendants are finally and permanently enjoined from further infringement, including both compensatory damages and treble damages for willful infringement;

E.   A judgment and order requiring Defendants to pay the costs of this action (including all disbursements), as well as attorneys' fees as provided by 35 U.S.C. § 285;

F.   Award to Wi-LAN pre-judgment and post-judgment interest on its damages; and

G.        Such other and further relief in law or in equity to which Wi-LAN may be justly entitled.

## DEMAND FOR JURY TRIAL

Wi-LAN demands a trial by jury of any and all issues triable of right before a jury.

DATED:  October 31, 2007.

Respectfully submitted,

MCKOOL SMITH, P.C.

Sam Baxter
Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box O
Marshall, Texas 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

**ATTORNEYS FOR WI-LAN INC.**

Austin 40175v7