IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WI-LAN INC. | § |
| | § |
| v. | § CIVIL ACTION NO. 2:07-CV-474[TJW] |
| | § |
| WESTELL, INC., et al | § JURY TRIAL REQUESTED |

**STIPULATED MOTION TO DISMISS WITHOUT PREJUDICE PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)**

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Defendants D-LINK CORPORATION, MELCO HOLDINGS, INC., and INFINEON TECHNOLOGIES AG ("Dismissed Defendants"), their subsidiaries in the United States who are also named in the suit, D-LINK SYSTEMS, INC., BUFFALO TECHNOLOGY (USA), INC., and INFINEON TECHNOLOGIES NORTH AMERICA CORP. ("Related U.S. Subsidiary Defendants"), and Plaintiff WI-LAN INC. ("Plaintiff") stipulate and jointly move to dismiss Plaintiff's complaint against the Dismissed Defendants without prejudice to reinstate and with no award of fees or costs, based on the following:

1.  Dismissed Defendants have represented to Plaintiff that they do not manufacture or sell in the United States the products identified in Plaintiff's complaint, except, as the case may be, through a wholly-owned U.S. subsidiary which remains a named defendant in this action ("Related U.S. Subsidiary Defendant"). To the extent it is determined that a Dismissed Defendant has manufactured or sold, or imported, offered for sale, or used, in the United States such products, any such acts will be treated for purposes of this litigation as if they had been conducted by the Related U.S. Subsidiary Defendant. Plaintiff's communications with a Dismissed Defendant regarding any of the patents-in-suit will be treated for purposes of this litigation as also with the Related U.S. Subsidiary Defendant and the Related U.S. Subsidiary Defendant can rely on or take any positions and actions that had been or could

have been taken by a Dismissed Defendant.

2. For the purposes of discovery in this matter, upon entry of an order of dismissal, information and documents in the possession, custody, or control of each Dismissed Defendant will be deemed in the possession, custody, or control of the Related U.S. Subsidiary Defendant, but only to the extent they may be relevant to this litigation, Plaintiff issues a request for them to the Related U.S. Subsidiary Defendant, including by letter, and they are not otherwise available from the Related U.S. Subsidiary Defendant. Plaintiff and Dismissed Defendants agree to meet and confer in good faith to resolve any objections consistent with the above agreement, including without limitation objections to the nature or scope of any requests for information.

3. Plaintiff agrees that any depositions of Dismissed Defendants' officers or employees residing outside the United States, including personal and corporate depositions pursuant to Federal Rules of Civil Procedure 30(b)(1) or 30(b)(6), respectively, will occur at the Dismissed Defendants' request in the deponent's country of residence if voluntary depositions are permitted under the law of the country in which they reside or in the nearest geographical location if voluntary depositions are not permitted in the country in which those officers or employees reside, but that Plaintiff shall not be restricted to the use of U.S. consular premises or consular officers for certification unless required by law of the country in which the deposition is to take place. If the law of the country where the deposition would take place requires the deposition to be conducted within U.S. consular premises or by a U.S. consular officer, Wi-LAN will use reasonable efforts to ensure that such consular premises or consular officer is available during the Court's discovery period. If, despite Wi-LAN's reasonable efforts, no such consular premises or consular officer is reasonably available during the Court's discovery period, then the Dismissed Defendant shall, to the extent reasonable, make the deponent available in a country of its choosing in which there is no restriction on the location of depositions. The parties to this Stipulation further agree to waive any objection to a stenographer, provided the

stenographer is authorized either under the law of the country in which the deposition is taken or is a notary public in one of the states, territories, or District of Columbia, of the United States. The parties agree to negotiate in good faith over the specific location and timing for any such deposition.

A proposed Order granting this stipulated motion is attached for the Court's convenience.

Dated: March 3, 2008

Respectfully submitted,

By: */s/ Sam Baxter*
Sam Baxter
Lead Attorney
Texas State Bar No. 01938000
MCKOOL SMITH, P.C.
104 E. Houston Street, Suite 300
P.O. Box O
Marshall, TX 75670
(903) 903-9000
(903) 903-9099 (Facsimile)
sbaxter@mckoolsmith.com

ATTORNEYS FOR PLAINTIFF

By: */s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
RAMEY & FLOCK
100 East Ferguson, Suite 500
Tyler, TX 75702
(903) 597-3301
(903) 597-2413 (Facsimile)
efindlay@rameyflock.com

ATTORNEYS FOR DISMISSED DEFENDANTS
and RELATED U.S. SUBSIDIARY
DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 3rd day of March, 2008. Any other counsel of record will be served by first class U.S. mail on this same date.

                                                 */s/ Eric H. Findlay*
                                                 Eric H. Findlay